UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>      Plaintiff,<br><br>v.<br><br>GUARDRAIL, INCORPORATED<br><br>      Defendant | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-11566 GAO<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT

Plaintiff respectfully moves upon his attached Declaration pursuant to Federal Rule of Civil Procedure 55(b)(1) for entry of judgment by the Clerk in the amount of $19,767.14. In support of his motion, Plaintiff states as follows:

1. Defendant neither filed an answer nor served a responsive pleading in this action and, accordingly, was defaulted on October 24, 2005.

2. This is an action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. for unpaid pension contributions. Pursuant to ERISA § 515, 29 U.S.C. § 1145, and ERISA § 502, 29 U.S.C. § 1132(g), the following elements of relief are mandatory for failure to make pension contributions:

    (a)    the unpaid contributions,
    (b)    the interest on the unpaid contributions,
    (c)    an amount equal to the greater of--
        (i)    interest on the unpaid contributions, or
        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (a),
    (d)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and
    (e)    such other legal or equitable relief as the court deems appropriate.

3. Defendant in this action became liable pursuant to a Fund payroll audit including rate underpayments and a late charge in the amount of $14,631.68 for the period of January 2002 through July 2005. Plaintiff is also entitled to interest in the amount of $655.12, liquidated damages in the amount of $2,926.34, and costs and attorneys fees in the amount of $1,554.00 (Declaration of Damages, Charles Langone, ¶2; Affidavit of Catherine M. Campbell, ¶ 3). The total amount due is $19,767.14.

4. Defendant is neither an infant nor an incompetent person nor in the military service of the United States.

5. As the amount of contributions owed is based on unaudited remittance reports, the Fund retains the right, pursuant to its Declaration and Agreement of Trust, to audit the company's payroll records and demand payment for sums due in addition to the amounts stated herein.

WHEREFORE, Plaintiff's Motion for Entry of a Default Judgment should be granted.

Dated: December 7, 2005

Respectfully submitted,

Catherine M. Campbell, Esquire
BBO# 549397
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109

/s/ Catherine M. Campbell
Attorney for Plaintiff,
Charles Langone

Certificate of Service

I, Catherine M. Campbell, attorney for the plaintiff, hereby certify that on this day I mailed a copy of the within document by first class mail, postage prepaid, to Denise Chymbor, President, Guardrail, Inc., PO Box 687, Meridian, CT 06450.

Date: December 7, 2005

/s/ Catherine M. Campbell
Catherine M. Campbell

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>GUARDRAIL, INCORPORATED<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 05-11566 GAO |

## **JUDGMENT**

A default has been entered against Guardrail, Inc. on October 24, 2005, for failing to answer or otherwise defend.

Now, upon application and Declaration of Plaintiff demonstrating that Defendant owes Plaintiff the principal sum of $14,087.85 pursuant to a Fund payroll audit for the months of January 2002 through July 2005, rate underpayments in the amount of $529.13, a late charge for December 2004 in the amount of $14.70, interest in the sum of $655.12, liquidated damages in the sum of $2,926.34, and attorneys' fees and costs in the sum of $1,554.00 and that Defendant is not an infant or incompetent person or in the military service of the United States, it is hereby:

ORDERED, ADJUDGED AND DECREED that Plaintiff recover from Guardrail, Inc. the sum of $19,767.14. Plaintiff maintains its right to audit the payroll records of defendant and seek additional contributions, which may be owed pursuant to that audit.

Dated:_____          _____
                                                                    Deputy Clerk